## OTTAWA HILLS CO v WAGNER et

Ohio· Appeals, 6th Dist, Lucas Co

No 2900.   Decided Feb 19, 1934

George W. Ritter, Toledo, for plaintiff in error.

Edward H. Ray, Toledo, for defendants in error.

## OPINION

By WILLIAMS, J.

There is a controversy between counsel as to whether or not the action below was a suit for specific performance or an action at law to recover the purchase price of real estate. The petition and amendment thereto stated the facts involved and showed that all payments upon the contract for the purchase of realty were due and that a deed had been tendered and that the tender had been made good by bringing the deed into court and signifying willingness to have it delivered to the vendee upon payment of the purchase price in full. Upon trial, a jury was impanelled and sworn and at the conclusion of plaintiff's evidence the court directed a verdict for the defendant and dismissed plaintiff's petition. In so doing, the court erred as the petition and amendment thereto stated facts which entitled the plaintiff to recover, and evidence was adduced by the plaintiff tending to prove all the material allegations of the petition and amendment which were denied by the answer. The defendant offered no evidence.

The reason for the ruling of the court appears from the bill of exceptions and journal entry to be that an action at law for recovery of the purchase price would not lie, and that the petition and amendment set forth only a cause of action for such recovery. Forms of action have been abolished by the Code and there is now but one action, and that is a civil action, but this requirement does not effect any substantial right or liability, legal or equitable. When the pleader states the facts in his petition which entitled him to recover, the court should grant the relief the plaintiff is entitled to, on proper proof thereof, and the authorities are numerous to the effect that the prayer is not controlling. As there was no evidence offered tending to show any defense to plaintiff's right to a judgment for the purchase price and interest, the court should have entered such judgment and could have gone further, of course, and required specific performance of the contract by delivery of the deed to the vendee concurrently with the payment of the judgment, and framed his decree in such form as to grant full and complete relief.

The controversy between counsel as to the form of the action under the circumstances was of little consequence, and counsel for plaintiff, after the evidence had been adduced, asked the court to give plaintiff such relief as it was entitled to; the court

reserved his decision and later refused the request, as appears from the journal entry. It would be no defense whatever to plaintiff's action that after the contract was made the real estate depreciated in market value.

For error in dismissing the petition without giving plaintiff any relief, the judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.